# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHUCK W. BOYD,**

       Petitioner,

v.　　　　　　　　　　　　　　　　CIVIL ACTION NO.: 3:23-CV-105
　　　　　　　　　　　　　　　　　　(GROH)

**WARDEN R. BROWN,**

       Respondent.

## ORDER DISMISSING PETITION

Pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking to vacate the Petitioner's 300-month career offender sentence[1] imposed in the Southern District of Florida, case number 1:12-CR-20914. See ECF No. 1.

A case must be dismissed if a petitioner does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (applying the Twombly standard and emphasizing the necessity of *plausibility*). Further, in proceedings

---

[1] The Petitioner was found guilty upon his plea to Counts 2 and 23, on April 4, 2013. S.D. Fla., 1:12-CR-20914, ECF Nos. 304, 305. Those counts of the indictment charged him with conspiracy to possess with intent to distribute a controlled substance. S.D. Fla., 1:12-CR-20914, ECF Nos. 304, 305, 603. The Petitioner was sentenced to an aggregate term of 300 months of incarceration on August 12, 2013, and the judgment was entered on August 14, 2013. S.D. Fla.,1:12-CR-20914, ECF Nos. 603, 661. The sentence was comprised of two 300-month terms for his convictions, which were ordered to be served concurrently with one another. Id. See U.S. v. Boyd, 574 Fed. Appx. 979 (11th Cir. 2014) (affirming the Petitioner's 300-month sentence which included an obstruction-of-justice enhancement, but not addressing career offender enhancement); United States v. Boyd, 709 Fed.Appx. 679 (11th Cir. 2018). A later order of the sentencing court found that the Petitioner was sentenced as a career offender. S.D. Fla.,1:12-CR-20914, ECF No. 891 at 1, ¶ 3, citing ECF No. 574, ¶ 121.

where the prisoner appears in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under 28 U.S.C. § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus pursuant to § 2241 is generally intended to address the execution of a sentence and should be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).

Although § 2255 expressly prohibits a prisoner from challenging their conviction or the imposition of their sentence through a § 2241 petition, there is nonetheless a "saving clause" that permits an otherwise prohibited challenge under § 2241 if they show § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 due to (1) a limitation bar, (2) the prohibition against successive petitions, or (3) a procedural bar from failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective," and the standard is an exacting one. The Supreme Court held in Jones v. Hendrix, 599 U.S. 465, 143 S. Ct. 1857 (2023), that a petitioner cannot use a § 2241 petition to mount a successive collateral attack on the validity of a federal sentence. See also Hall v. Hudgins, 2023 WL 436358, (4th Cir. 2023).

The Supreme Court's decision in Hendrix invalidates the tests previously

2

established by the Fourth Circuit for a petitioner to challenge the legality of their conviction or sentence. See In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000) and United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018). Because the requirements of the saving clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) saving clause must strictly meet the statutory test for this Court to have subject matter jurisdiction. Absent subject matter jurisdiction, there is nothing left for the Court to do but dismiss a case.

Here, the Petitioner alleges that he is entitled to relief because his career offender sentence is illegal based on amendments to the United States Sentencing Guidelines, § 4B1.2(b). ECF No. 1 at 6–7. Further, the Petitioner contends that he was given a higher Guideline range than that of the career offender enhancement. Id. at 7. As relief, the Petitioner requests that the Court vacate his 300-month career offender sentence and direct that he be resentenced without the career offender enhancement, at the low end of the Guideline range, to 188 months. Id. at 10.

The Petitioner does not rely on newly discovered evidence or a new rule of constitutional law. Thus, relief under 28 U.S.C. § 2255(h) is inappropriate. For the Petitioner to obtain relief under § 2241, he must rely on the narrowly tailored application of § 2255(e). The Petitioner cannot meet this limited exception.

Because the Petitioner cannot satisfy § 2255(e), his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his Petition. When subject matter jurisdiction does not exist, "the only function remaining to the [C]ourt is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998) (internal citation omitted); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

This Court lacks subject matter jurisdiction. Therefore, the Petitioner's § 2241 Petition is **DENIED AND DISMISSED WITHOUT PREJUDICE.** ECF No. 1.

The Clerk of Court is **DIRECTED** to remove this case from the Court's active docket. The Clerk is further **DIRECTED** to forward a copy of this Order to all counsel of record and to send a copy to the *pro se* Petitioner, by certified mail, return receipt requested, at his last known address.

**DATED**: December 1, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE